**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1184-16T4

PCIII REO, LLC,

      Plaintiff-Appellant,

v.

IVAN SEDNEFF and
THEODORA FARKAS,

      Defendants,

and

BANDI PROPERTY GROUP, LLC,

      Defendant/Intervenor-
Respondent.

_____

Argued May 16, 2018 – Decided October 17, 2018

Before Judges Koblitz and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-051150-14.

Linda S. Fossi argued the cause for appellant (Gary C. Zeitz, LLC, attorneys; Linda S. Fossi, on the brief).

Michael S. Burns argued the cause for respondent (Burns & Isen, LLC, attorneys; Michael S. Burns, on the brief).

The opinion of the court was delivered by

SUTER, J.A.D.

Plaintiff PCIII REO, LLC appeals three orders in this tax foreclosure matter. One order allowed Bandi Property Group (Bandi) to intervene in the foreclosure and to redeem a tax sale certificate. The other two orders extended the time for redemption. We affirm all the challenged orders.

In 2011, non-party James C. Older purchased a tax lien for $740.20 at an auction for a property in South Brunswick owned by defendants Ivan Sedneff and Theodora Farkas. In 2013, his estate assigned the tax lien to U.S. Bank Cust. for Pro Cap III, LLC (Pro Capital). Pro Capital filed a tax foreclosure complaint in 2014, alleging that defendants had not redeemed the tax lien. In March 2016, an order set May 2, 2016, as the final day to redeem the tax lien. By then, the redemption amount for unpaid taxes and interest was $66,298.07.

On May 6, 2016, shortly after the redemption date, the tax lien was assigned to plaintiff. It requested entry of a Final Judgment in July 2016, because defendants had not redeemed the tax lien. Shortly after, however, defendants agreed to sell the property to Bandi for $140,000. Under the

agreement of sale, Bandi agreed to satisfy all outstanding liens and defendants agreed to accept a payment of $30,000 each. Defendants were permitted to continue to use and reside at the premises for another sixty days. Bandi's counsel advised the Office of Foreclosure (Office) by letter that it was filing a motion to intervene and requested, "that final judgment not be entered while this motion is pending." The Office marked the letter as "received, but not filed."

Bandi filed a motion to intervene and to redeem the property. In a supporting certification, Bandi's representative averred that the property's assessed value was approximately $175,900 and that under the contract, defendants were guaranteed net proceeds of $60,000 (or $30,000 each). Defendants also certified they were "comfortable with the contract," and had not been offered "any assistance or any compensation" from plaintiff.

Plaintiff opposed the motion, arguing that defendants were not given nominal consideration. It relied on a "Zestimate" from Zillow.com's automated valuation model, which estimated the property's value at $413,207. In response, Bandi submitted a copy of a "side by side comparable market analysis" showing the "as is" market value of the property as $139,000.[1]

---

[1] Plaintiff's request for a final foreclosure judgment was denied by the Office on August 3, 2016, because there was a "contested motion pending before [the] vicinage judge."

On September 21, 2016, the court granted Bandi's motion to intervene and to redeem the tax sale certificate because the court found that Bandi offered defendants "more than 'nominal consideration' for the [p]roperty." The deadline to redeem the property was set for September 30, 2016. The order provided that if Bandi "fail[ed] to comply with [it's] terms and deadlines," Bandi would waive the right to redeem or intervene and that plaintiff would be permitted to pursue its final judgment.

On September 27, 2016, just before the September 30, 2016 redemption date, Bandi filed a motion to approve an amendment to the contract with defendants and for a short extension of the redemption deadline because the inspection revealed an underground storage tank that had spilled. Clean-up costs were estimated to be $21,161.35. Defendants certified they were unaware the underground storage tank had leaked and contaminated the property. They approved a credit to Bandi to clean up the discharge and agreed to reduce their guaranteed net proceeds by $10,580.78 each. Plaintiff opposed the motion. However, by order dated October 31, 2016, the court set a new redemption deadline of November 5, 2016. The parties inadvertently were not notified that order was entered, and therefore, the court entered a new order, sua sponte,

extending the redemption date to November 11, 2016. Defendants executed a deed to Bandi, and received their closing proceeds on November 9, 2016.

Plaintiff argues on appeal that the judge abused his discretion in granting Bandi's motion to intervene and by continuing to extend the redemption deadline. It argues that Bandi's contract with defendants was "unconscionable" and there was not adequate consideration. Bandi missed the September 30, 2016 redemption deadline and as such, its sole relief in the event it was not satisfied with inspection of the property was to terminate the contract. Plaintiff claims, for the first time on appeal, that it was improper for the Office to stay the entry of its request for a final foreclosure judgment. We find no merit in these arguments.

We review the trial court's orders regarding intervention in this tax sale foreclosure under an abuse of discretion standard. Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 172 (App. Div. 2005). A court has abused its discretion "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002).

Under N.J.S.A. 54:5-89.1 and N.J.S.A. 54:5-98, a third-party investor must intervene in a foreclosure action before attempting to redeem a tax sale

certificate. "N.J.S.A. 54:5-89.1 bars a party from intervening in a tax foreclosure action when claiming a right in the property that was acquired 'for a nominal consideration.'" FWDSL & Assocs. v. Berezansky, 452 N.J. Super. 408, 412 (App. Div. 2017). To intervene, a third party investor must "establish to the satisfaction of the court that the owner has been offered more than 'a nominal consideration' for his interest." Simon v. Cronecker, 189 N.J. 304, 322 (2007).

In addressing whether consideration is more than nominal, the Court said in Cronecker that the trial court "may consider a number of factors, including but not limited to the amount received by the owner in comparison to the property's fair market value and to his equity in the property." Id. at 335. The trial court could also consider the "windfall profit" that the third party might make. Ibid. Thus, the Court adopted "a more flexible, under-all-the-circumstances approach that will keep the focus on the benefit to the property owner facing forfeiture of his land." Id. at 334-335.

"[M]ore than nominal consideration under N.J.S.A. 54:5-89.1 means consideration that is not insubstantial under all the circumstances; it is an amount, given the nature of the transaction that is not unconscionable." Id. at 355. It requires an examination of the adequacy of the consideration "from the

property-owner's standpoint." Berezansky, 452 N.J. Super. at 414. Therefore, "the Tax Sale Law does not prohibit a third-party investor from redeeming a tax sale certificate after the filing of a foreclosure action, provided that the investor timely intervenes in the action and pays the property owner more than nominal consideration for the property." Cronecker, 189 N.J. at 311.

Here, the court did not abuse its discretion in finding that Bandi offered defendants more than nominal consideration for the property. Defendants received $19,125 each for the sale of the property. They would not have received any compensation had plaintiff proceeded with the foreclosure. The mortgage and taxes were paid. Defendants continued to have use and occupancy of the property for another sixty days.

Plaintiff contends that defendants received little compensation when compared with the valuation of the property, but plaintiff did not appraise the property; it only showed what the property was valued on a website without any comparisons. Bandi had a comparative analysis that showed an "as-is" market value of $139,000. The property was sold for $140,000. The court was correct not to strike down this third-party financing arrangement because it was not insubstantial and exceeded more than nominal consideration to defendants.

Defendants received $38,250 more than they would have received had the foreclosure gone through.

Plaintiff argues the court abused its discretion in extending the deadlines for redemption, but it cited no authority to support this claim. The first redemption date of May 2, 2016, was set prior to plaintiff having been assigned this tax certificate. The second date of September 30, 2016, was adjourned because there was a spill from an oil tank and a need to obtain an estimate to determine how that would be addressed. The final extension occurred only because the court had not transmitted the order to the parties until the deadline in it was upon them. In these circumstances, there was no abuse of discretion by the court.

There also was nothing untimely about the redemption having occurred after the first date in May or the September date. Rule 4:64-6(b) provides that redemption of a tax sale certificate "may be made at any time until the entry of final judgment." Bandi's redemption was timely because there was no final judgment when the intervention motion was granted.

Plaintiff contends the Office erred by staying plaintiff's request for a final judgment. This issue was not raised before the trial court. "Generally, an appellate court will not consider issues…which were not raised below." State

v. Galicia, 210 N.J. 364, 383 (2012).  Therefore, we do not address this issue.

We add briefly, however, that the Office did not formally stay entry of a final judgment.  Plaintiff's request for a final foreclosure judgment was denied because by that time a contested motion was pending in the vicinage.  See R. 1:34-6 (providing that the Office "shall be responsible for recommending the entry of orders or judgments in uncontested foreclosure matters.").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1184-16T4